[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10194
Non-Argument Calendar
_____

D. C. Docket No. 07-80106-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEON DELGUATO ROUNDTREE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 7, 2008)**

Before TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

Deon Delguato Roundtree appeals his conviction for possession with intent

to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Specifically, Roundtree appeals the district court's denial of his motion to suppress evidence seized during a search of his residence and the district court's failure to grant an evidentiary hearing on the motion.

The affidavit and application for a search warrant indicated the following. Officers from the Riviera Beach Police Department began investigating Roundtree after receiving numerous complaints from concerned citizens and patrol officers about illegal narcotic transactions taking place at his residence. The officers conducted surveillance outside Roundtree's apartment and observed him engage in four possible narcotic transactions over the course of two hours. Subsequently, the officers used a reliable confidential informant to make a controlled buy of crack cocaine from Roundtree at his apartment. The officers searched the informant to ensure that he did not possess contraband and provided him with a pre-serialized fifty dollar bill. Then, the officers maintained constant, unobstructed visual contact with the informant as he approached the apartment. Roundtree opened the door and let the informant enter. After approximately three minutes, the officers observed the informant leave and walk back to a predetermined neutral location. The officers again searched the informant and discovered that he had a piece of crack cocaine and no longer had the fifty dollar bill.

We review a district court's denial of a defendant's motion to suppress under a mixed standard of review. United States v. Ramirez, 476 F.3d 1231, 1235-36 (11th Cir.), cert. denied, 127 S. Ct. 2924 (2007). The district court's finding of facts are reviewed for clear error and the district court's application of the law to those facts is reviewed de novo. Id. We review the district court's failure to grant an evidentiary hearing on a motion to suppress for an abuse of discretion. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000). In particular, we have held that:

> A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the [district] court to conclude that a substantial claim is presented. In short, the motion must allege facts which, if proven, would provide a basis for relief. A court need not act upon general or conclusory assertions founded on mere suspicion or conjecture, and the court has discretion in determining the need for a hearing.

United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (internal citations omitted). "Defendants are not entitled to an evidentiary hearing based on a 'promise' to prove at the hearing that which they did not specifically allege in their motion to suppress." Cooper, 201 F.3d at 1285.

Upon careful review of the record and consideration of the parties' briefs, we discern no reversible error. Roundtree argues that there were three allegations in his motion to suppress that, if proven, would provide a basis for relief. First, the

3

search warrant did not specify who made the initial complaints about him or when their alleged observations took place. Second, the confidential informant was the only person in a position to observe cocaine in Roundtree's apartment. It is clear that a properly executed controlled buy, as is the one at issue here, is sufficient, standing alone, to establish probable cause. Thus, these allegations cannot provide a basis for relief.

Third, Roundtree argues that the circuit court's finding of probable cause was stale because there was a four-day gap between the last time that the police observed Roundtree and the time when the warrant was issued. Furthermore, there was an eight-day gap between the last time the police observed Roundtree and the execution of the warrant. There is no particular time limit for when information becomes stale. United States v. Bervaldi, 226 F.3d 1256, 1265 (11th Cir. 2000). A determination is made on the particular facts of each case. Id. Where the affidavit "recites activity indicating protracted or continuous conduct, time is of less significance." Id. (internal quotations omitted). Here, the affidavit alleged that the officers observed Roundtree engage in what appeared to be numerous drug deals. The affidavit also described a controlled buy. Thus, the information in the warrant affidavit was not stale after the passage of only four days before the warrant was obtained and eight-days before it was executed.

4

The motion to suppress did not present an issue of fact or contain allegations that would provide a basis for relief. Therefore, the district court did not err in either failing to hold an evidentiary hearing or denying Roundtree's motion to suppress evidence. Accordingly, we affirm his conviction.

AFFIRMED.[1]

---

[1] Appellant's request for oral argument is DENIED.